1
2
3    **UNITED STATES DISTRICT COURT**
4    **NORTHERN DISTRICT OF CALIFORNIA**
5    **SAN JOSE DIVISION**
6

7    GHAZI FARWANA,                          Case No.  24-cv-07518-BLF
8                    Plaintiff,              **ORDER GRANTING PLAINTIFF'S**
                                             **MOTION FOR LEAVE TO AMEND;**
9         v.                                 **DIRECTING PARTIES TO SHOW**
                                             **CAUSE WHY ACTION SHOULD NOT**
10   TESLA, INC.,                            **BE REMANDED FOR LACK OF**
                                             **SUBJECT MATTER JURISDICTION;**
11                  Defendant.               **AND DEFERRING RULING ON**
                                             **DEFENDANT'S MOTION TO**
12                                           **COMPEL ARBITRATION**
13                                           [Re:  ECF 8, 10]
14

15           Plaintiff Ghazi Farwana ("Farwana") filed this action against his former employer,

16   Defendant Tesla, Inc. ("Tesla"), in the Santa Clara County Superior Court.  The operative first

17   amended complaint ("FAC") asserts claims for workplace discrimination, retaliation, wrongful

18   termination, and related misconduct, all under state law.  Tesla removed the action to federal

19   district court based on complete diversity of citizenship between Farwana and Tesla.

20           Before the Court are two motions:  (1) Farwana's motion for leave to amend to join an

21   additional defendant who likely will destroy complete diversity, specifically, Farwana's former

22   supervisor Xinye Bai ("Bai"); and (2) Tesla's motion to compel arbitration of Farwana's claims

23   and stay the litigation.  The Court heard oral argument on March 27, 2025.

24           For the reasons discussed below, Farwana's motion for leave to amend is GRANTED.

25   Because it appears that joinder of Bai as a defendant will destroy complete diversity, the parties

26   are ORDERED TO SHOW CAUSE why the action should not be remanded for lack of subject

27   matter jurisdiction.  Consideration of Tesla's motion to compel arbitration and stay the litigation is

28   DEFERRED pending resolution of the jurisdictional issue.

1    **I.    BACKGROUND**

2        *Farwana's Employment and Discharge by Tesla*

3        Farwana alleges the following facts with respect to his employment by Tesla during the

4    period July 2019 to April 2023, when he was terminated. *See generally* FAC, Ex. 1 to Notice of

5    Removal, ECF 1-1. Farwana began working at Tesla in July 2019 as a Global Supply Manager.

6    *See id.* ¶ 8. From July 2019 through March 2020, he led sourcing for components used in all

7    Model 3 vehicles manufactured in Tesla's facility in Shanghai, China, and all Model Y vehicles

8    manufactured in Tesla's facility in Fremont, California. *See id.* ¶ 10. Farwana managed seventy

9    assemblies across four facilities with an annual budget of approximately $300,000,000. *See id.*

10       At least three times during his period of employment, Tesla raised Farwana's salary and

11   awarded him company stock. *See* FAC ¶¶ 14-21. In September 2020, Tesla raised Farwana's

12   salary by approximately 7% and awarded him company stock worth approximately $40,000. *See*

13   *id.* ¶ 14. In October 2021, Tesla raised Farwana's salary by approximately 12% and awarded him

14   company stock worth approximately $40,000. *See id.* ¶ 16. In October 2022, Tesla raised

15   Farwana's salary by approximately 12.5% and awarded him company stock worth approximately

16   $40,000. *See id.* ¶ 21. Farwana also received promotions. In September 2021, Tesla promoted

17   him to the position of Senior Buyer Planner. *See id.* ¶ 15. In October 2022, Tesla promoted him

18   to the position of Senior Global Supply Manager, a team lead position. *See id.* ¶ 21.

19       Bai was Farwana's direct supervisor throughout his employment. *See* FAC ¶ 17. Bai gave

20   Farwana excellent written performance reviews on approximately a bi-annual basis in 2019, 2020,

21   2021, and 2022. *See id.* ¶ 19. On October 3, 2022, Bai advised Farwana during a video call that

22   she planned to give him another excellent performance review at the end of 2022. *See id.* ¶ 20.

23       In late 2022, Farwana began suffering from severe stress and anxiety. *See* FAC ¶ 22. He

24   continued working, however, and in late December 2022, Bai told him that she still intended to

25   give him an excellent performance review. *See id.* ¶ 23. On January 3, 2023, Farwana asked Bai

26   for permission to work remotely due to illness. *See id.* ¶ 24. That request was approved and

27   Farwana worked remotely for several days. *See id.* After about a week, Bai told Farwana that he

28   was no longer authorized to work remotely and he returned to work the following day. *See id.*

United States District Court
Northern District of California

1    Farwana messaged Bai on Friday, January 13, 2023, stating that he was not feeling well

2  and asking how to apply to work remotely for medical reasons.  *See* FAC ¶ 25.  The two met in

3  person on January 18, 2023, at which time Farwana explained that he had been feeling unwell for

4  some time and that his symptoms were exacerbated when he worked at the office.  *See id.* ¶ 26.

5  Bai questioned whether Farwana was eligible to work remotely and indicated that she would place

6  him on a performance improvement plan ("PIP").  *See id.*  The two had further communications

7  that day as to how the PIP would work, and that evening Farwana made a formal request for

8  disability leave.  *See id.* ¶¶ 27-31.  On the same day, January 18, 2023, Bai sent Farwana an email

9  containing the first negative performance review she had ever given him.  *See id.* ¶ 32.  Bai spent

10  the next weeks challenging Farwana's eligibility to take leave, criticizing his work, and reiterating

11  that she planned to place him on a PIP.  *See id.* ¶¶ 34-48.

12    Ultimately, Farwana took a medical leave of absence from February 1, 2023 through April

13  4, 2023.  *See* FAC ¶ 49.  He also submitted a complaint about Bai to Tesla Employee Relations.

14  *See id.* ¶ 50.  However, his complaint did not result in any corrective action.  *See id.* ¶¶ 63-64.

15  When Farwana returned to the office in April 2023, he was reassigned to duties unrelated to his

16  prior work, specifically, to duties that normally would be performed by a less senior employee.

17  *See id.* ¶ 52.  In addition, he was formally placed on a PIP.  *See id.* ¶¶ 53-54.  Farwana also

18  discovered that Bai had changed his end of year 2022 performance review by inserting criticisms

19  of his performance based on his request for accommodation.  *See id.* ¶ 56.  Bai began giving

20  Farwana tasks that could not be completed within the deadlines she set.  *See id.* ¶¶ 57-62.  On May

21  10, 2023, Farwana was discharged and escorted from the building.  *See id.* ¶ 64.

22    *The Present Action*

23    Farwana filed this action against Tesla in the Santa Clara County Superior Court on

24  September 25, 2024.  *See* Notice of Removal, ECF 1.  While the case was pending in state court,

25  Farwana filed the operative FAC against Tesla for discrimination, retaliation, wrongful

26  termination, and related claims under California statutes and common law.  *See generally* FAC.

27  Tesla removed the action to federal district court on October 29, 2024.  *See* Notice of Removal.

28

United States District Court
Northern District of California

*The Current Motions*

On the morning of Tuesday, December 17, 2024, Farwana filed a motion for leave to amend his pleading. *See* Pl.'s Mot. for Leave, ECF 8. Specifically, Farwana seeks leave to file a proposed second amended complaint ("SAC") joining Bai as a defendant and adding a new FEHA claim for harassment/hostile work environment based on disability discrimination against both Tesla and Bai. *See* Proposed SAC, Guha Decl. Ex. C, ECF 8-1. The proposed SAC alleges that Bai is an individual residing in Santa Clara County, which is in the state of California. *See id.* ¶ 4. Although citizenship for purposes of diversity jurisdiction is determined by domicile rather than residence, *see Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001), "where a person lives is taken to be his domicile until facts adduced establish the contrary," *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 614 (9th Cir. 2016) (internal quotation marks and citation omitted). Consequently, it appears likely on the face of the proposed SAC that Bai is a citizen of California, such that her joinder as a defendant would destroy diversity jurisdiction.

Approximately ten hours after Farwana filed his motion for leave to amend, Tesla filed a motion to compel arbitration and stay the litigation. *See* Def.'s Mot. to Compel Arbitration, ECF 10. Tesla asserts that Farwana is bound by an arbitration provision contained in the offer letter he signed when accepting Tesla's offer of employment in 2019. *See id.* at 2. Tesla accuses Farwana of seeking leave to amend his pleading to join Bai as a defendant for the purpose of defeating diversity jurisdiction and thus avoiding being ordered to arbitration by this Court. *See id.* at 3.

## II. DISCUSSION

The parties disagree on whose motion should be decided first. Farwana asserts that his motion for leave to amend should be decided first because it implicates the Court's subject matter jurisdiction. As noted above, it appears likely that Bai is a California citizen, and the Court will assume for purposes of analyzing the present motions that her joinder would destroy complete diversity of citizenship among the parties. Tesla contends that its motion to compel arbitration and stay the litigation should be decided first, because the Federal Arbitration Act controls and Farwana's motion "is a transparent attempt to evade this Court's jurisdiction." Def.'s Opp. at 5, ECF 24.

The authorities cited by the parties do not require consideration of the pending motions in any particular order. In similar circumstances, other courts in this circuit have elected to consider the plaintiff's motion for leave to amend before the defendant's motion to compel arbitration. *See, e.g., Cook v. USAA Gen. Indem. Co.*, No. 23-CV-01049-RS, 2023 WL 4183479, at *1-3 (N.D. Cal. June 23, 2023) (addressing plaintiff's motion for leave to join non-diverse party and remand case before addressing defendant's motion to compel arbitration); *Ohan v. AmeriFirst Fin., Inc.*, No. CV 14-8380-MWF (AGRx), 2015 WL 13757759, at *4-5 (C.D. Cal. Jan. 20, 2015) (same); *Hernandez v. DMSI Staffing, LLC.*, 79 F. Supp. 3d 1054, 1058-60 (N.D. Cal. 2015), *aff'd sub nom. Hernandez v. DMSI Staffing, LLC*, 677 F. App'x 359 (9th Cir. 2017) (addressing motion for leave to amend before addressing motion to compel arbitration). Because this case is in its early stages, and Farwana filed his motion first, this Court likewise elects to take up the motion for leave to amend before the motion to compel arbitration.

### A.    Plaintiff's Motion for Leave to Amend

Farwana seeks leave to file a proposed SAC that joins Bai as a defendant and adds a new FEHA claim for harassment/hostile work environment based on disability discrimination against both Tesla and Bai. The Court first addresses the applicable legal standard and then turns to the merits of the motion.

### 1.    Legal Standard

"Historically, there has been disagreement between courts in this circuit as to what standard to apply when a Plaintiff seeks to amend a complaint to add defendants who would destroy diversity jurisdiction." *Nand v. FedEx Ground Package Sys., Inc.*, No. 2:23-CV-01142 DJC AC, 2024 WL 1306170, at *3 (E.D. Cal. Mar. 25, 2024). Some courts have applied the liberal standard of Federal Rule of Civil Procedure 15, while others have applied the more exacting standard under 28 U.S.C. § 1447(e). *See id.* "This split between courts has not been officially resolved but it appears most district courts have determined that the appropriate standard in such cases is the Section 1447(e) analysis." *Id.* Several courts in this district have concluded as much in recent years. *See, e.g., Li v. Wells Fargo Bank, N.A.*, No. 24-CV-04577-JSC, 2024 WL 5191976, at *2 (N.D. Cal. Dec. 20, 2024) ("[T]he proper legal basis for amendment is under §

1447(e), not Rule 15."); *Villarroel v. Staples, Inc.*, 697 F. Supp. 3d 901, 903 (N.D. Cal. 2023) (same); *Cook*, 2023 WL 4183479, at *1 ("Where a party seeks leave to amend to join a non-diverse party after an action has been removed from state court, 28 U.S.C. § 1447(e), rather than Federal Rule of Civil Procedure 15, provides the appropriate standard.").  This Court is unaware of any recent decisions within the Ninth Circuit applying Rule 15 rather than § 1447(e).  Accordingly, the Court will evaluate Farwana's motion for leave to amend under § 1447(e) rather than Rule 15.

Section 1447(e) provides that:  "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C.A. § 1447(e).  The statute "requires a district court either to deny joinder of non-diverse defendants or to permit joinder and remand the case to state court."  *Stevens v. Brink's Home Sec., Inc.*, 378 F.3d 944, 949 (9th Cir. 2004).  "A district court may not allow joinder and retain jurisdiction."  *Id.*

"Ninth Circuit courts consider the following factors in determining whether such joinder is appropriate under § 1447(e): (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff."  *Cook*, 2023 WL 4183479, at *1 (internal quotation marks and citation omitted).

### 2.    Discussion

The Court next addresses the merits of Farwana's motion for leave to amend, discussing each of the six factors listed above in turn.  As noted, Farwana seeks to join Bai as a defendant, and to add a new FEHA claim for harassment/hostile work environment based on disability discrimination against both Tesla and Bai.

#### a.    Necessity of Joinder

Addressing the first factor, the Court considers "whether the party sought to be joined is

United States District Court
Northern District of California

6

1   needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a)."

2   *Cook*, 2023 WL 4183479, at *1 (internal quotation marks and citation omitted). Rule 19(a)

3   "requires joinder of persons whose absence would preclude the grant of complete relief[.]" *IBC*

4   *Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011

5   (N.D. Cal. 2000). "This standard is met when failure to join will lead to separate and redundant

6   actions." *Id*. The standard is not met, however, where the defendant sought to be joined is "only

7   tangentially related" to the claims or where failure to join the defendant "would not prevent

8   complete relief." *Id*. at 1012.

9          Farwana asserts that joinder of Bai is necessary because she is the principal actor in the

10  alleged wrongful conduct giving rise to this action. Farwana also argues that absent joinder of

11  Bai, he will be forced to file a separate action against her in state court that would be largely

12  redundant of the present action. Other courts have found in similar circumstances that "requiring

13  [the plaintiff] to litigate essentially the same issues in two forums would be a waste of judicial

14  resources and risks inconsistent results." *IBC*, 125 F. Supp. 2d at 1012. "[W]here a company has

15  stipulated an employee was acting in the scope of their employment, joinder [is] not necessary

16  given California's respondeat superior doctrine." *Nand*, 2024 WL 1306170, at *4. Tesla has not

17  stipulated that Bai was acting within the scope of her employment. Indeed, Tesla may choose to

18  argue that Bai was not acting within the scope of her employment, "given that to state a FEHA

19  harassment claim, the harassment in question generally must be outside the scope of job duties

20  which are not of a type necessary to business and personnel management." *Id*. (internal quotation

21  marks and citation omitted). The Court is satisfied that Bai's joinder is necessary for Farwana to

22  obtain complete relief in this action, and thus that joinder would be appropriate under Rule 19(a).

23         Tesla argues that Farwana has not explained his failure to name Bai as a defendant in the

24  original complaint or the FAC. While Farwana certainly could have named Bai in his earlier

25  pleadings, he sought leave to amend only three months after the original complaint was filed and

26  only two months after the action was removed. Given that timing, the Court finds unpersuasive

27  Tesla's suggestion that Farwana's delay in seeking to join Bai warrants denial of his motion for

28  leave to amend.

United States District Court
Northern District of California

The Court finds equally unpersuasive Tesla's argument that amendment to join Bai is unnecessary because Farwana could name Bai in an arbitration demand.  Whether Bai could be named in an arbitration demand has no relevance to the Court's application of the first § 1447(e) factor, which asks whether Bai would be deemed a necessary party to *this* litigation under Rule 19(a).  For the reasons discussed above, the Court finds that Bai would be a necessary party under Rule 19(a).

This factor weighs in favor of granting leave to amend.

### b.    Statute of Limitations

The second factor requires the Court to determine whether the statute of limitations would bar the plaintiff from suing the new defendant in state court.  In the absence of such a bar, courts have found that this factor weighs against allowing amendment.  *See, e.g., Nand*, 2024 WL 1306170, at *4 ("Both parties agree that the statute of limitations would not prevent Plaintiff from bringing an original action against [the Defendant] in state court. . . .  As such, this factor weighs against permitting joinder under Section 1447(e).").  Farwana states that he would not be time-barred from bringing a FEHA claim against Bai in state court.  *See* Pl.'s Mot. for Leave at 5.

This factor weighs against granting leave to amend.

### c.    Unexplained Delay in Seeking Joinder

The third factor is whether there has been unexplained delay in requesting joinder.  "Generally, courts consider the length of time that passed between plaintiff filing the original complaint and the amended complaint as well as whether dispositive motions have been filed."  *Nand*, 2024 WL 1306170, at *4 (internal quotation marks and citation omitted).  Here, Farwana sought leave to amend only three months after the original complaint was filed and only two months after the action was removed.  No dispositive motions have been filed.  "This falls well within the bounds of what other courts have found to be an acceptable delay."  *Id*. (finding no unexplained delay where plaintiff filed motion for leave to amend three months after the original complaint was filed and two months after the action was removed).

This factor weighs in favor of granting leave to amend.

1

#### d.    Purpose of Joinder

2      The fourth factor asks the Court to consider the plaintiff's purpose on seeking joinder of a

3 non-diverse defendant, specifically, whether joinder is intended solely to defeat federal

4 jurisdiction.  Farwana states that he does not know for certain whether Bai is a citizen of

5 California, although he acknowledges that she likely is.  Regardless of Bai's citizenship, Farwana

6 indicates that he wants to join her as a defendant so that he can pursue all his claims arising out of

7 her conduct in a single action.

8      Tesla contends that Farwana's purpose in filing his motion is solely to destroy diversity

9 jurisdiction.  In support of that contention, Tesla points to email correspondence between the

10 parties' attorneys.  *See* Lopez Decl. & Exs. 2-4, ECF 12.  On October 10, 2024, after Farwana

11 filed the original complaint in state court, Tesla's counsel began the email chain by asserting that

12 Farwana's claims fall within the scope of a binding arbitration agreement contained in the

13 employment offer letter and asking Farwana to stipulate to binding arbitration.  *See id.* ¶¶ 2-3 &

14 Ex. 2.  Farwana declined to stipulate and instead filed the operative FAC, which Tesla answered

15 and removed to federal district court.  *See id.* ¶¶ 4-5.  On December 12, 2024, Farwana's counsel

16 emailed a request that Tesla stipulate to the filing of Farwana's proposed SAC joining Bai as a

17 defendant.  *See id.* ¶ 6 & Ex. 4.  Tesla's counsel responded by stating that Tesla intended to move

18 to compel arbitration.  *See id.*  Farwana's counsel acknowledged Tesla's intent to move to compel

19 arbitration, but stated that Farwana intended to go forward with his efforts to amend the pleading,

20 by motion if necessary absent Tesla's stipulation to the proposed amendment.  *See id.*  Farwana

21 thereafter filed his motion for leave to amend, which Tesla countered with its motion to compel

22 arbitration.

23      While counsel's email correspondence certainly shows that Farwana was aware of Tesla's

24 intent to file a motion to compel arbitration – as Tesla was aware of Farwana's intent to file a

25 motion for leave to amend – in the Court's view the emails do not suggest a bad faith motive to

26 destroy diversity jurisdiction on the part of Farwana.  To the contrary, it appears that Farwana's

27 request that Tesla stipulate to the filing of a SAC was entirely consistent with the manner in which

28 Farwana litigated the case from its inception, and that the parties simply disagreed as to whose

United States District Court
Northern District of California

motion should be decided first.  Consistent with other decisions in this district, "[t]he Court declines to impute an improper motive to Plaintiff simply because Plaintiff seeks to add a non-diverse defendant post-removal."  *IBC*, 125 F. Supp. 2d at 1012; *see also Cook*, 2023 WL 4183479, at *3 ("Even if the effect of joinder here is to destroy diversity, Plaintiff will not be imputed with this sole motive.").  Moreover, "[a]s other courts have noted, suspicion of diversity destroying amendments is not as important now that § 1447(e) gives courts more flexibility in dealing with the addition of such defendants."  *Id*. (internal quotation marks, citation, and brackets omitted).

*Hernandez*, upon which Tesla relies, is distinguishable.  *See Hernandez*, 79 F. Supp. 3d 1054.  In *Hernandez*, the plaintiff made an oral motion at the hearing on the defendants' motion to compel arbitration, seeking to dismiss her claim under California's Private Attorneys General Act ("PAGA").  *See id.* at 1059.  The district court found that there was evidence the plaintiff had sought to amend in bad faith, solely to avoid the possibility of an adverse ruling on the pending motion to compel arbitration.  *See id.*  "It appear[ed] that Plaintiff timed her motion to amend so that she could have the benefit of previewing Defendants' motion to compel arbitration before deciding whether to abandon the federal case in favor of the parallel state case."  *Id*. at 1060.  Under those circumstances, the district court declined to grant the plaintiff's motion for leave to amend.  *See id.*  In the present case, Farwana's motion for leave to amend was not made in the midst of oral argument on a defense motion, and in fact was filed before Tesla's motion to compel arbitration.  Farwana does not seek to avoid arbitration of a claim by dismissing it, but instead seeks to add a party and a claim that clearly arise out of the same facts as the original complaint.  Given the factual differences between *Hernandez* and the present case, this Court finds Tesla's reliance on *Hernandez* to be misplaced.

The Court finds that this factor is neutral.

### e.    Validity of Claims

The fifth factor requires the Court to determine whether Farwana's proposed claim is valid, that is, whether it has "facial legitimacy."  *Nand*, 2024 WL 1306170, at *5.  "The claim need not be plausible or stated with particularity but simply be sufficient for a state court to find that the

Plaintiff states a cause of action against the non-diverse defendant." *Id.* (internal quotation marks and citation omitted). Farwana seeks to join Bai as a defendant and add a new FEHA claim for harassment/hostile work environment based on disability discrimination against both Tesla and Bai. To establish a claim for harassment under FEHA, a plaintiff must demonstrate that: (1) he is a member of a protected group; (2) he was subjected to harassment because he belonged to that group; and (3) the alleged harassment was so severe that it created a hostile work environment. *Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235, 1244 (9th Cir. 2013). The Court finds the allegations of the proposed SAC sufficient to show that Farwana suffered from a medical disability and thus was a member of a protected group; that Farwana was subjected to harassment by Bai because of his medical disability; and the harassment was so severe that it created a hostile work environment. *See* Proposed SAC ¶¶ 102-107.

This factor weighs in favor of granting leave to amend.

### f.    Prejudice to Plaintiff

The sixth and final factor is whether denial of joinder would prejudice the plaintiff. As noted above, Farwana asserts that if Bai is not joined in this action, he will be forced to file a separate action against her in state court that would be largely redundant of the present action. "Forcing a plaintiff to proceed with a second litigation in state court against a new defendant creates avoidable prejudice." *Nand*, 2024 WL 1306170, at *6 (internal quotation marks and citation omitted. The Court finds that Farwana would be prejudiced if his motion for leave to amend were denied.

This factor weighs in favor of granting leave to amend.

### g.    Conclusion after Weighing § 1447(e) Factors

For the reasons discussed above, the Court finds that four of the six § 1447(e) factors weigh in favor of granting leave to amend, one factor is neutral, and only one factor weighs against granting leave to amend. The single factor weighing against Farwana is the lack of a statute of limitations bar to filing a claim against Bai in state court. The Court concludes that the other factors tip the balance in favor of granting the motion for leave to amend, notwithstanding the fact that Farwana could pursue a parallel action against Bai in another forum.

11

Accordingly, Farwana's motion for leave to amend, and specifically to file his proposed SAC, is GRANTED. Farwana SHALL file his amended pleading within seven days.

**B.    Order to Show Cause re Dismissal for Lack of Subject Matter Jurisdiction**

It appears that granting leave to amend will destroy diversity jurisdiction based on Bai's apparent status as a California citizen. "Subject matter jurisdiction can never be forfeited or waived and federal courts have a continuing independent obligation to determine whether subject-matter jurisdiction exists[.]" *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 976 n.12 (9th Cir. 2012) (internal quotation marks and citation omitted).

Accordingly, the parties are ORDERED TO SHOW CAUSE why this case should not be remanded to the Santa Clara County Superior Court for lack of subject matter jurisdiction. Tesla SHALL file its response within fourteen days after the date of this order. Farwana SHALL file his response within seven days after Tesla's response is filed.

Any remand order will be without prejudice to Tesla's filing of a motion to compel arbitration in the state court.

**C.    Defendant's Motion to Compel Arbitration and Stay Case**

Consideration of Tesla's motion to compel arbitration and stay the case is DEFERRED pending a determination whether this Court retains subject matter jurisdiction.

//
//
//
//
//
//
//
//
//
//
//

12

**III.    ORDER**

    (1)    Plaintiff Farwana's motion for leave to amend his pleading is GRANTED. Farwana SHALL file his proposed second amended complaint separately on the docket within seven days after the date of this order, or by April 21, 2025.

    (2)    The parties are ORDERED TO SHOW CAUSE why this case should not be remanded to the Santa Clara County Superior Court for lack of subject matter jurisdiction.  Defendant Tesla SHALL file its show cause response within fourteen days after the date of this order, or by April 28, 2025.  Farwana SHALL file his show cause response within seven days after Tesla files its response.  The matter will be taken under submission upon completion of the briefing unless the parties are notified otherwise by the Court.

    (3)    Consideration of Tesla's motion to compel arbitration and stay the case is DEFERRED pending resolution of the jurisdictional issue.

    (4)    This order terminates Farwana's motion for leave to amend, docketed at ECF 8. Tesla's motion to compel arbitration and stay the case, docketed at ECF 10, remains pending.

Dated:  April 14, 2025

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California